IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

XEZAKIA ROUSE,

    Plaintiff,

v.                                                               CIV 05-1223 RB/KBM

JUDGE NEIL CANDELARIA,

    Defendant

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    Plaintiff Xezakia Rouse is incarcerated on unspecified state charges. He asserts that he is entitled to presentence confinement credit, and that his pursuit of the issue in the state courts yielded no relief. As a result, Rouse claims his incarceration constitutes "false imprisonment" in violation of various constitutional prohibitions and that it has resulted in pain and suffering and mental anguish. He brings this action solely under 42 U.S.C. § 1983[1] against the judge who entered the sentence. The judge is sued in his official capacity and Plaintiff seeks only monetary damages as relief. *See Doc. 1.* This matter is before the Court on Plaintiff's motion for appointment of counsel and Defendant's motion to dismiss. *See Docs. 3, 7.*

    Notwithstanding Plaintiff's beliefs to the contrary, *see Docs. 11-12,* Defendant is correct that the Eleventh Amendment bars a federal suit seeking damages against a state official sued in his official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). In a similar case, the Tenth Circuit explained the Eleventh Amendment doctrine:

---

[1] Plaintiff is not suing under state law. *See Doc. 12* at 2.

> Plaintiff's official capacity claims against Judge Cross were really claims against the State of Colorado.  The Eleventh Amendment "generally bars suits brought by individuals against state officials acting in their official capacities.  This bar does not apply, however, if the state waives its sovereign immunity, if Congress validly abrogates the state's immunity, or if the suit falls within the legal fiction of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 ... (1908)." *Harris v. Owens*, 264 F.3d 1282, 1289-90 (10th Cir.2001).  Plaintiff did not identify any waiver of immunity by the State or any abrogation of that immunity by Congress.  *Ex parte Young* creates an exception to Eleventh Amendment immunity for a suit against a state official that "seeks prospective relief for the official ['s] ongoing violation of federal law." *Id.* at 1290. But "the doctrine [does] not go so far as to allow federal jurisdiction over a suit that seeks to redress past wrongs--only ongoing violations are covered." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1189 (10th Cir.1998).  Plaintiff's official capacity claims against Judge Cross sought only to redress past wrongs and alleged no ongoing violations of federal law.  Therefore, those claims were barred by the Eleventh Amendment.

*Strepka v. Miller,* 28 Fed. Appx. 823, 828 (10th Cir. 2001).  Thus, this court lacks jurisdiction to address the merits of the case insofar as Defendant is sued in his official capacity.

If Plaintiff is suing Judge Candelaria in his individual capacity, the Eleventh Amendment immunity doctrine does not bar a federal court from proceeding to the merits of an asserted defense.  Where, as here, a judge is sued for actions clearly undertaken in his judicial role, the judge is entitled to absolute immunity.  *See Doc. 8* at 1-3; *see also e.g, Beedle v. Wilson,* 422 F.3d 1059, 1071 (10th Cir. 2005); *Calderon v. Kansas Dept. of Social and Rehabilitation Services,* 181 F.3d 1180, 1183-84 (10th Cir. 1999).

Finally, since it is plain that this § 1983 action against the sentencing judge should be dismissed, appointment of counsel is not warranted.  *E.g., Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995).

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for appointment of counsel *(Doc. 3)* be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's motion to dismiss *(Doc. 7)* be **granted**, and the claims brought against Defendant in his individual capacity be dismissed with prejudice, and any remaining claims against him in his official capacity be dismissed without prejudice as barred by the Eleventh Amendment.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE